**Nilofar MAHDAVI, a.k.a. Nilofar Rahimzadeh, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**Nilofar Mahdavi, Petitioner,**

v.

**Alberto GonzaleS\*, Attorney General, Respondent.**

Nos. 03–70866, 03–72645. Agency No. A77–302–631.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

---

\* Alberto Gonzales in substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen A. Sklar, Law Office of Helen Sklar, Esq., Los Angeles, CA, for Petitioner.

CAC-District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Susan Houser, Washington, DC, for Respondent.

Before BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM***

Petitioner Nilofar Mahdavi appeals the BIA's denial of her motion to reopen to pursue adjustment of status due to her marriage to a U.S. citizen. Because Mahdavi's visa petition was merely pending

*** This disposition is not appropriate for publication and may not be cited to or by the

and had not yet been approved, she was required to present "clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide." *Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002) (en banc). Although Mahdavi presented evidence that a marriage did in fact occur, she failed to present clear and convincing evidence that the marriage was bona fide, entered into in good faith, and that she has an "actual and legitimate relationship" with her spouse. *Malhi v. INS,* 336 F.3d 989, 994 (9th Cir. 2003). Petitioner's evidence consisted only of photocopies of greeting cards that she and her husband supposedly received and miscellaneous photographs purporting to show the couple together. The BIA did not abuse its discretion in ruling that this evidence failed to clearly and convincingly establish a bona fide marriage. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

**PETITION DENIED.**

**Waseem QAISER; et al., Petitioners,**

**v.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.